McAdam, C. J.
The plaintiffs, who are judgment creditors of the defendant, seek the removal of Ernest Harvier, the receiver of the property of the defendant, appointed in a certain proceeding supplementary to execution had in this court, wherein one Bernard Brady was plaintiff, and Bartley Campbell the defendant and judgment debtor. It appears that the defendant, who has since been adjudged a lunatic, and is at present confined in an asylum for the insane, was for a number of years well known in the theatrical profession as a playwright and manager. Misfortune overtook him, and he became indebted to various people, among others, to Ernest Harvier, the present receiver. On February 16, 1886, Harvier having assigned his claim against Campbell, Bernard Brady, the assignee, commenced an action in this court against Campbell on the assigned claim, and on February 24, 1886, recovered a judgment thereon for $828.03. He issued an execution, and immediately applied to one of the justices of this court for an order that the judgment debtor be examined in aid of the execution, and on the following day (the twenty-fifth), Harvier, the assignee of the claim, was appointed receiver. He has continued te act as such up to the present time. Since his appointment, various other judgments have been recovered against Campbell, and the receivership has been extended to cover those judgments, as authorized by section 2466 of the Code. During this time the receiver has been in receipt of large sums of money, and disbursed the same, but has never filed any account of his stewardship. It is claimed, and not denied, that the judgment in the Brady action has been paid out of the assets of the debtor; so, too, have certain other judgments in the order of their priority.
*539 The wife of the debtor, as well as a number of his creditors, join in the request for the removal of the present receiver, and incidently, the Actor’s Fund of America, a reputable charity, of which the judgment debtor was a member, also unite in the request and ask that one of their number, amply qualified for the trust, be appointed receiver without compensation, so that whatever can be saved to the creditors and the dependent family of the unfortunate debtor, may be preserved. Such a prayer appeals with much force to the conscience of the court in dealing with a trust which ought, in the nature of things, to be administered for the sole advantage of those interested. Without imputing anything against the integrity of Harvier, he ought not to have been appointed receiver, and had the court known then that he was the assignor of the Brady claim, he would not have received the appointment, because it would only be in some extraordinary case that the court would appoint a real or nominal plaintiff receiver of the property of his judgment debtor, (2 Wait’s Pr., 223), and no facts calling for the exercise of such special authority were made to appear in this instance. It is true that in partnership contracts one of the parties is sometimes appointed receiver, without compensation (2 Wait’s Pr., 224), but this done to protect the assets for the general benefit of the members of the firm, and then only on the giving of abundant security for the proper performance of the trust confided to him, in view of his special fitness for the place on account of his peculiar knowledge of the business and his interest in its economical and proper liquidation. The proceeding in which Harvier was appointed was an ordinary judgment in a common law action, in which he was interested in having the judgment of his assignee paid.
_ A receiver, as a rule, should be “ a strictly impartial and disinterested person, of unimpeachable honor and integrity, having sufficient knowledge and ability to manage the estate properly, without the intervention of any third person,” (Fripp v. Chard Railway, 11 Hare, 241, 260; Lupton v. Stephenson, 11 Irish Eq., 484). He should not be the agent or representative of either party to the action, and should exercise his functions disinterestedly for the common benefit of all persons interested in the estate. The fund or property is to be regarded as being in custodia legis for the benefit of whoever may eventually establish title thereto, (High on Receivers, [2 ed.] § 1.). The papers disclose that considerable litigation has already arisen from the appointment made, owing to the dissatisfaction of certain creditors, as well as the wife of the debtor who is so unfortunately situated as to have an insane as well as an insolvent husband, and the court should be jealous in watching and protecting the various interests under its care. The bond given by the present receiver, which is for $2,000, is conceded to be too small in amount, and irregular in form, being made to the clerk instead of the People, (Code, § 715).
*540 These insufficiencies should have been corrected before. In view of the fact that some of the creditors, as, well as the-wife and the committee of the person of the lunatic, insist-upon a change of receivership, I am at a loss to discover any good that can come from a continuance of the present-appointment, or any reason why the present receiver should be eager to retain his position. I take into consideration, too, the fact that reputable, responsible and successful managers offer, as matter of charity towards their former colleague and his dependent family, to perform what remains to be performed of the trust, without any charge or compensation, and that Harvier has not offered to do so, nor can he be expected or required so to do.
After a careful reading of the papers and consideration of all the facts, and the improvident manner of the present appointment, which, if judicially sanctioned, may form a bad precedent, I conclude that it will be for the best interests of all concerned, that the present receiver be removed, and that Mr. A. M. Palmer, of this city, be appointed in his stead, upon executing and filing a proper bond in the penal sum of $10,000, with sufficient sureties to be approved by the court, and upon his executing and filing a stipulation that, he will act as such receiver without compensation. The orders already made, extending the receivership to the various judgments, are to apply to the new receiver when he qualifies, and the orders already made, in reference to the payment of any of said judgments, are also to apply to him, subject to any motion he may make respecting the same.
The present receiver will be directed to file his accounts, to-the end that they may be passed upon under the direction of the court, and that the assets in his hands may be delivered over to the new receiver.